Dear Senator Donahue,
You have requested an opinion of this office regarding the authority of tax collectors to engage private auditing firms on a contingency fee basis for the purpose of conducting taxpayer audits and examinations. You ask whether tax collectors are authorized under La.R.S. 47:337.26
(formerly La.R.S. 33:2719) to compensate private auditing firms by a method other than "an hourly basis, plus reasonable expenses." In particular, you ask, "if the tax collector compensates the private auditing firm under an arrangement based on:
 (i) an hourly rate, but limited to a percentage of taxes collected,
 (ii) the lesser of an hourly rate or a percentage of taxes collected, or
 (iii) no fees or expenses paid at all if no taxes are collected,
then was the private auditing firm compensated on "an hourly basis," or rather upon some basis other than an hourly basis (i.e., contingency fee or commission based upon the amount of taxes collected), in violation of La.R.S. 47:337.26?"[1]
La.R.S. 47:337.26(B), as presently written, permits taxing authorities to hire private auditing firms provided that ". . . . [t]he rate of compensation shall be on an hourly basis, plus reasonable expenses." This statute has been amended *Page 2 
several times since its creation and therefore, a review of its legislative history is necessary.
1983 La. Acts No. 389, § 1 enacted La.R.S. 33:2719, which was the initial authorization for political subdivisions to contract with private firms for the examination and audit of taxpayers. La.R.S. 33:2719 provided in pertinent part as follows:
 ". . . . Any such contract with a private agency shall provide for reasonable compensation on a salary, per diem, or hourly basis. The payment, but not the rate, of the salary, per diem, or hourly rate of compensation to the private agency may be contingent on the actual collection of taxes by the political subdivision. . . ."
In Atty. Gen. Op. No. 84-30, our office addressed whether the newly enacted La.R.S. 33:2719 prohibited the St. James Parish School Board from continuing to compensate its auditors on a commission basis. The opinion concluded that "R.S. 33:2719 is a clear expression of legislative intent that compensation for such services should be arranged on the basis of time required rather than on a commission basis." Nonetheless, the initial authorization for contracting with private agencies did allow the payment to be "contingent" on the actual collection of taxes by the political subdivision.
Twelve years later, 1995 La. Acts No. 36, § 1 amended the pertinent parts of La.R.S. 33:2719(B) to provide:
 ". . . . The rate of compensation shall be on an hourly basis, plus reasonable expenses. The payment shall not exceed thirty percent of taxes collected pursuant to an audit if payment is contingent on the actual collection of taxes . . .".
Although the 1995 amendment continued to allow payment to be contingent on the actual collection of taxes, the legislature capped the contingency payment at thirty percent of taxes collected pursuant to an audit.
1997 La. Acts No. 1140 further changed the pertinent parts of La.R.S. 33:2719 to read as follows:
 ". . . . The rate of compensation shall be on an hourly basis, plus reasonable expenses. . . ."
This amendment repealed the authorization for contingency payments (whether capped at thirty percent of the amount collected or not) and maintained the requirement that "compensation shall be on an hourly basis, plus reasonable expenses." *Page 3 
Finally, 2003 La. Acts No. 73 redesignated La.R.S. 33:2719 as La.R.S.47:337.26, but did not change the pertinent part. It states:
 ". . . The rate of compensation shall be on an hourly basis, plus reasonable expenses."
The word "shall" is mandatory. La.R.S. 1:3. Considering the legislative history of La.R.S. 47:337.26 (formerly La.R.S. 33:2719), it is clear the legislature intended to repeal the authorization for contingent payments and did so by removing the contingent language from the statute altogether. To conclude otherwise would render the amendments meaningless.
Therefore, if a tax collector compensates a private auditing firm under an arrangement based on: (i) an hourly rate, but limited to a percentage of taxes collected; (ii) the lesser of an hourly rate or a percentage of taxes collected; or (iii) no fees or expenses paid at all if no taxes are collected, then the tax collector is not compensating the auditing firm on an hourly basis, but rather contingency fee or commission basis in violation of La.R.S. 47:337.26. This conclusion is supported by the interpretation of the relevant terms in Saucier v.Hayes Dairy Products, Inc., 373 So.2d 102, 105 (La., 1978); Town ofMamou v. Fontenot, 2001-1622 (La.App. 3 Cir. 5/8/02), 816 So.2d 958; andO'Rourke v. Cairns, 95-381 (La.App. 5 Cir 11/28/95), 666 So.2d 345, 349.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: __________________________ Lindsey K. Hunter Assistant Attorney General
 JDC/LKH/crt
[1] A contingent fee contract is a contract for legal services in which the attorney's fee depends upon success in the enforcement of the client's claim; the attorney bears the risk of loss insofar as his legal services are concerned. Saucier v. Hayes Dairy Products, Inc.,373 So.2d 102, 105 (La., 1978); see also Town of Mamou v. Fontenot, 2001-1622 (La.App. 3 Cir. 5/8/02), 816 So.2d 958, 966. In contrast, a contract based on an hourly rate is calculated by taking a certain hourly rate and multiplying that rate by the number of hours worked. SeeO'Rourke v. Cairns, 95-381 (La.App. 5 Cir 11/28/95), 666 So.2d 345, 349.See also 4 Wage and Hour Law DB 7:6 (2008). While these cases interpret the terms "contingent fee" and "hourly rate" in the context of a contract for legal services, the terms are used in the same manner in contracts for auditing services.